# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMONT THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cv-017-MJR |
| | ) |
| LT. SHELL, LT. RAY, LEE HUSTON, | ) |
| LT. JENNINGS, and C/O COOPER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

In January 2010, Lamont Thomas filed suit pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights by personnel at Lawrence Correctional Center in Sumner, Illinois (located within the Southern District of Illinois). He sought leave to proceed in forma pauperis.

On threshold review in August 2010, Chief Judge David R. Herndon granted Thomas pauper status, dismissed claims regarding disciplinary proceedings and the denial of grievances, and also dismissed Defendants Fenoglio, Goins, Moran, Neilsen, Randle, Ryker, Shaw, Wexford Health and Vaughn. What remained of the case (an Eighth Amendment medical claim against Defendants Shell, Ray, Huston, Jennings and Cooper; and an Eighth Amendment conditions of confinement claim against Defendants Cooper and Jennings) to a United States Magistrate Judge for pretrial proceedings. The case was reassigned to the undersigned District Judge in January 2011.

On January 21, 2011, the Defendants timely moved for summary judgment (Doc. 21). Defendants argue that Thomas failed to exhaust administrative remedies as to all claims against all

1

Defendants before filing suit, as required by 42 U.S.C. § 1997e(a). Defendants also sought to preserve their affirmative defense of qualified immunity, in order to develop facts and evidence in support of that defense. Plaintiff Thomas filed a memorandum in opposition to Defendants' motion (Doc. 26), to which Defendants filed a reply (Doc 27). Magistrate Judge Stephen C. Williams submitted a detailed Report (Doc. 30). Judge Williams found that the underlying factual allegations are not in dispute; rather, a legal issue is presented regarding the sufficiency of Plaintiff's grievances under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e; therefore, no evidentiary hearing was conducted. Judge Williams recommends that the undersigned Judge grant the motion in part and deny it in part, permitting the case to proceed only as to Defendant Shell. More specifically, Judge Williams concluds that Plaintiff Thomas's grievances were insufficient as to all claims against Defendants Ray, Huston, Jennings and Cooper. Judge Williams recommends that the claims against Ray, Huston, Jennings and Cooper be dismissed with prejudice, due to Plaintiff Thomas's failure to exhaust administrative remedies, as required by Section 1997e.

Both the Report (Doc. 30, p. 10) and a separate Notice attached thereto (Doc. 30-1) advised the parties of their right to challenge Judge Williams' findings and conclusions by filing "objections" within 14 days. To date, no objections have been filed by the parties, no extension of the deadline was sought, and the period in which such objections may be filed has expired.

Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).** Although the Court concurs with Judge Williams' findings, analysis and his general conclusions, dismissal of the non-exhausted claims must be *without* prejudice. In *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit

specifically held that "*all* dismissals under § 1997e(a) should be without prejudice." ***See also Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005).**

Accordingly, the undersigned District Judge: (1) **ADOPTS in part** Judge Williams' Report and Recommendation (Doc. 30), rejecting only the recommendation that dismissal be with prejudice; and (2) **GRANTS in part and DENIES in part** Defendants' motion for summary judgment (Doc. 21), in that Defendants Lt. Ray, Lee Huston, Lt. Jennings and C/O Cooper are **GRANTED** summary judgment and are **DISMISSED without prejudice**; Defendant Lt. Shell is **DENIED** summary judgment and the Eighth Amendment medical deliberate indifference claim against Defendant Shell shall proceed.

IT IS SO ORDERED.

DATE: July 12, 2011

s/ *Michael J. Reagan*
United States District Judge
Southern District of Illinois