IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMONT THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10−cv−0017−MJR−SCW |
| ) | |
| BRIAN SHELL,[1] ) | |
| ) | |
| Defendant. ) | |

# REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Court Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). For the reasons below, it is **RECOMMENDED** that Defendant Brian Shell's Motion for Summary Judgment (Doc. 38) be **GRANTED**, and that Plaintiff's case be **DISMISSED** with prejudice.

## BACKGROUND

Pursuant to 42 U.S.C. § 1983, Lamont Thomas — then an inmate at Lawrence Correctional Center in the Illinois Department of Corrections ("IDOC") — sued thirteen individual defendants and Wexford Health Services on January 7, 2010. In his complaint, Thomas alleged that the defendants violated the *Eighth Amendment* via deliberate indifference to Thomas' medical needs and the risk to his health or safety posed by his conditions of confinement, and violated the *Fourteenth Amendment* by placing him in disciplinary confinement without due process.

---

[1] On the docket, the defendant is still listed as "Lt Shell." The Clerk is **DIRECTED** to terminate "Lt Shell" from the docket, and replace that defendant with "Brian Shell."

In August 2010, after conducting a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Chief Judge Herndon dismissed all but five defendants. After the case was transferred to District Judge Reagan in January 2011, Plaintiff's claims were further winnowed when four defendants were granted summary judgment on the issue of administrative exhaustion. (Doc. 31). Surviving the exhaustion process were a single defendant and a single claim: that Defendant Brian Shell was deliberately indifferent to Thomas' medical needs, in violation of the *Eighth Amendment's* proscription against cruel and unusual punishment. Specifically, Thomas alleges that on April 7, 2009, Shell — rather than treat Thomas' ill-timed bout of public diarrhea[2] — took Thomas to Lawrence's segregation unit.

Shell moved for summary judgment on January 12, 2012, on the theory that Thomas was not suffering from a serious medical need, and could therefore not have been a victim of unconstitutional deliberate indifference. On January 26, 2012, Thomas (who had notified the Court of a change of address in December 2011) moved for an extension of time to file his response brief, and was given until February 23, 2012. At no point have court-mailed documents been returned as undeliverable (or for any other reason) from the address Thomas provided. It is now over two weeks past Thomas' deadline, and Thomas has yet to file his response brief.

## DISCUSSION

In the Southern District of Illinois, a Plaintiff's failure to respond to a summary judgment motion is governed by Local Rule 7.1(c), which provides, in pertinent part, that "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." **SDIL-LR # 7.1(c).** And the Seventh Circuit has "consistently held that a failure to respond by the nonmovant as mandated by the local rules is an admission." **Smith v.**

---

[2] In addition to "a severe bout of nausea and diarrhea," Mr. Thomas had hepatitis-C, but did not suggest that the diarrhea was a symptom of, or could exacerbate, that disease.

2

*Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008) ("[L]ocal rules streamline litigation and save litigants, lawyers and courts time and money."). The Court exercises its discretion to apply Local Rule 7.1(c) and consider Mr. Thomas' failure to respond to Defendant's summary judgment an admission on the merits of the motion. *See* **SDIL-LR #7.1(c)**. (In other words, Mr. Thomas has admitted here to the facts as presented by Mr. Shell). Additionally, the Court further finds that, even without the plaintiff's admission, summary judgment is appropriate in this case on the merits.

## SUMMARY JUDGMENT STANDARD

Summary judgment, which is governed by FEDERAL RULE OF PROCEDURE 56, is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (citing FED. R. CIV. P. 56(a)).[3] The party seeking summary judgment bears the initial burden of demonstrating — based on the pleadings, affidavits and/or information obtained via discovery — the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If a party fails to properly address another party's assertion of fact, courts may "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." **FED. R. CIV. P. 56(e)**. A mere scintilla of evidence supporting the non-movant's position is insufficient; a party will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion. *Albiero v. City of Kankakee*, 246 F.3d 927, 931–32 (7th Cir. 2001). *See also Steen v. Myers*, 486

---

[3] Though Rule 56 was amended in 2010, the amendment did not change the summary judgment standard. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

3

F.3d 1017, 1022 (7th Cir. 2007) ("[S]ummary judgment is . . . the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events") (internal quotation marks omitted). There is "no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Van Antwerp v. City of Peoria*, 627 F.3d 295, 297 (7th Cir. 2010); *accord Anderson*, 477 U.S. at 248 (material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party).

At summary judgment, the Court's role is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter, but rather to determine whether a genuine issue of triable fact exists. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

### EIGHTH AMENDMENT ANALYSIS

Prison officials violate the *Eighth Amendment*'s proscription against "cruel and unusual punishments" if they display deliberate indifference to an inmate's serious medical needs. *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted)). *Accord Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) ("Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."). A prisoner is entitled to reasonable measures to meet a substantial risk of serious harm — not to demand specific care. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

To prevail, a prisoner who brings an *Eighth Amendment* challenge of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011), *citing Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). The first prong that must be satisfied is whether the prisoner has shown he has an objectively serious medical need. *Arnett*, 658

4

**F.3d at 750. *Accord Greeno*, 414 F.3d at 653.** A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. ***Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). *Accord Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (violating the *Eighth Amendment* requires "deliberate indifference to a *substantial* risk of *serious* harm.") (internal quotation marks omitted) (emphasis added).** Only if the objective prong is satisfied is it necessary to analyze the second, subjective prong, which focuses on whether a defendant's state of mind was sufficiently culpable. ***Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005).**

Here, Mr. Thomas' claim does not satisfy the objective prong of the *Eighth Amendment* test. According to Thomas' deposition, the medical need to which Shell showed deliberate indifference was a bout of bowel incontinence that struck Thomas while he was on the yard at Lawrence, in line for a morning meal. (Doc. 38-2, 13–14). Mr. Thomas' incontinence may have been embarrassing, but embarrassment does not trigger Constitutional protection. That protection is reserved for medical conditions that would result in further significant injury (which is not the case with mild diarrhea of the type described by Mr. Thomas) or unnecessary and wanton infliction of pain. And while there is no Seventh Circuit precedent directly on point, diarrhea is closely analogous to vomiting, another obvious but common gastro-intestinal symptom that — on its own — does not engender Constitutional protection because it is not serious enough. ***See Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010) (vomiting "is not an uncommon result of being mildly ill, and absent other circumstances (e.g. vomiting continuously for a long period of time, having blood in one's vomit, or the like) does not amount to an objectively serious medical condition.").**[4] And while Thomas did suffer from hepatitis-C, he fails to argue

---

[4] Mr. Thomas' complaint does indicate that he was concerned about the possibility of blood in his stool (and spreading his blood-borne hepatitis to other individuals), but neither his sworn deposition nor any other evidence on the record

5

that his diarrhea could have worsened his hepatitis significantly, could have led to any other serious harm, or was objectively serious in any other way. **See *Farmer*, 511 U.S. at 828.** His *Eighth Amendment* claim must fail.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant Brian Shell's Motion for Summary Judgment (Doc. 38) be **GRANTED**, and the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation within **fourteen (14) days** of being served with a copy. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. **See, e.g., *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, <u>**objections to this Report and Recommendation must be filed on or before March 30, 2012.**</u>

**IT IS SO ORDERED.**

**DATED: March 13, 2012**

>                             <u>**/s/ *Stephen C. Williams***</u>
>                             **STEPHEN C. WILLIAMS**
>                             **United States Magistrate Judge**

---

indicates the presence of blood. Thomas' deposition, instead, focuses on the fact that he "tried to hold [his] bowels, [then] gas and the diarrhea released . . . into [his] shorts." (Doc. 38-2, 14).