# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMONT THOMAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 10-cv-017-MJR-SCW |
| LT. SHELL, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Before the Court is Defendant Lt. Brian Shell's motion for summary judgment (Doc. 38), and the Report and Recommendation of U.S. Magistrate Judge Stephen C. Williams, recommending that Shell's motion be granted (Doc. 42).

In January 2010, Plaintiff Lamont Thomas filed suit pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights by personnel at Lawrence Correctional. Thomas sought and was granted leave to proceed in forma pauperis.

Following the Court's threshold review in August 2010, the only claims that proceeded were an Eighth Amendment medical claim against Defendants Shell, Ray, Huston, Jennings and Cooper; and an Eighth Amendment conditions of confinement claim against Defendants Cooper and Jennings. Defendants Lt. Ray, Lee Huston, Lt. Jennings and C/O Cooper were subsequently dismissed because Thomas failed to exhaust administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). At this juncture, only a claim against Defendant Shell remains. Thomas alleges that on April 7, 2009, he suffered an ill-timed bout of public diarrhea and Shell, rather than getting him treatment, took him to the segregation unit.

Shell moved for summary judgment on January 12, 2012, on the theory that Thomas was not suffering from a serious medical need, and could therefore not have been a victim of unconstitutional deliberate indifference (Doc. 38). Although Thomas was granted an extension of time to respond, he failed to ever file a response. Magistrate Judge Williams submitted a detailed Report (Doc. 42). Judge Williams found that, pursuant to Local Rule 7.1(c) and Seventh Circuit precedent, Williams' failure to file a response constituted an admission of the merits of the motion. Judge Williams further concluded that, regardless of the admission, Defendant Shell's arguments were well taken. Put succinctly, Judge Williams reasoned that a single bout of incontinence (like a single incident of vomiting) is not a serious medical condition triggering Eighth Amendment protection. *See Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010) (vomiting "is not an uncommon result of being mildly ill, and absent other circumstances (e.g vomiting continuously for a long period of time, having blood in one's vomit, or the like) does not amount to an objectively serious medical condition.") Judge Williams recommended that the motion for summary judgment be granted, which would conclude this case.

Both the Report (Doc. 42, p. 6) and a separate Notice attached thereto (Doc. 42-1) advised the parties of their right to challenge Judge Williams' findings and conclusions by filing "objections" within 14 days. To date, no objections have been filed by the parties, no extension of the deadline was sought, and the period in which such objections may be filed has expired.

Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. **Thomas v. Arn, 474 U.S. 140, 149-52 (1985);** *Video Views Inc., v. Studio 21, Ltd.,* **797 F.2d 538 (7th Cir. 1986).** Having reviewed the motion and the Report and Recommendation, the Court concurs with Judge Williams' findings, analysis and conclusions. Accordingly, the undersigned District Judge: (1) **ADOPTS** Judge Williams' Report and Recommendation (Doc. 42); and (2) **GRANTS** Defendant Shell's motion for summary judgment (Doc. 38).

Having resolved all claims against all defendants, this case is closed and final judgment shall enter in favor of the defendants and against Plaintiff Lamont Thomas.

**IT IS SO ORDERED.**

**DATE: April 11. 2012**

s/ *Michael J. Reagan*
**United States District Judge**
**Southern District of Illinois**